IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**WILLIE DICKERSON, JR.,**

    **Plaintiff,**

vs.                                        Case No. 4:16cv113-RH/CAS

**SERGEANT ANDREW MOCK,
SERGEANT COLBY MURPHY,
SERGEANT RONALD TADLOCK,
OFFICER GARRETT HENDRY,
and CAPTAIN ROBERT REAMS,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Discovery concluded on December 19, 2016, ECF No. 71, and the parties were granted an extension of time in which to file a summary judgment motions. ECF No. 76. Thereafter, Plaintiff filed a motion for leave to file an amended complaint. ECF No. 79. Defendants oppose the motions. ECF No. 81.

Plaintiff's motion to amend seeks to supplement and explain allegations presented in Plaintiff's fourth amended complaint. He states that he seeks to make a change in the relief requested, to add more detail,

make "sentence corrections," and add a "statement of claim page" and information on exhaustion of administrative remedies.  ECF No. 79 at 1.  Plaintiff appears to include the proposed additions within the motion.  ECF No. 79 at 2-14, 19-26.   First, it is not appropriate to amend a complaint in piecemeal fashion.  The Court, nor the parties, should have to review multiple documents to determine the claims raise and facts alleged to support those claims.

   Second, the rules of this Court provide: "A pleading may be amended only by filing a complete copy of the amended pleading."  N.D. Fla. Loc. R. 15.1(A).  In addition, Rule 15.1(B) provides: "When a pleading may be amended only by leave of court, the amending party must file a motion for leave to amend and must simultaneously file the proposed amended pleading itself. The proposed amended pleading will become effective only if the Court grants leave to amend."  N.D. Fla. Loc. R. 15.1(B).  Plaintiff's motion does not comply with this rule.

   Third, Rule 8(a)(2) of the Federal Rules of Civil Procedure directs that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "Rule 8(a)(2)'s purpose is to 'give the defendant fair notice of what the claim is

and the grounds upon which it rests.'" <u>Bell Atl. Corp. V. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) (quotation marks and alterations omitted) (quoted in <u>Lacroix v. W. Dist. Of Kentucky</u>, No. 14-15276, 2015 WL 5673018, at *1 (11th Cir. Sept. 28, 2015)). "Further, the allegations in the complaint 'must be simple, concise, and direct,' FED. R. CIV. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' FED. R. CIV. P. 10(b)." <u>Lacroix</u>, 2015 WL 5673018, at *2. It is not appropriate to include extensive detail in a complaint. The fourth amended complaint was sufficient to comply with Rule 8 and Defendants have been sufficiently aware of the nature of Plaintiff's claims and the basis for them. The parties have conducted discovery and Defendants have now filed a motion for partial summary judgment. ECF No. 83. The motion to amend, ECF No. 79, is unnecessary, does not comply with the Rules of this Court or the Federal Rules of Civil Procedure, and comes too late in the litigation as this case has been pending since February of 2016 and discovery has been completed. The motion to amend should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to amend the complaint, ECF No. 79, be **DENIED** and the

Case No. 4:16cv113-RH/CAS

case be **REMANDED** for further proceedings and review of the pending motion for summary judgment.

**IN CHAMBERS** at Tallahassee, Florida, on February 3, 2017.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:16cv113-RH/CAS